# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF ROBERT C. GRAHAM, BAR NO. 4618.

No. 72693

FILED

SEP 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Robert C. Graham be disbarred based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.3 (candor toward the tribunal), RPC 4.1 (truthfulness in statements to others), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Graham committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Graham failed to answer the complaint and a default was

entered.[1] SCR 105(2). The record therefore establishes that Graham violated the above-referenced rules by misappropriating approximately $17 million in client funds, failing to diligently disburse funds owed to clients, failing to respond to clients' requests for information regarding their funds, lying to the court and others regarding the location and status of client funds, and abandoning his law practice.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Graham violated duties owed to his clients (diligence, communication, safekeeping property, terminating representation), to the public (truthfulness in statements to others), and to the legal system (candor toward the tribunal). Graham's conduct was intentional and it caused substantial, even overwhelming, harm because his clients, many of whom are vulnerable victims, lost substantial amounts of their assets.

The baseline sanction for his misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards

---

[1]Despite failing to answer the complaint, Graham was represented by counsel at the disciplinary hearing.

for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards,* Standard 4.11 (Am. Bar Ass'n 2015) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."); *id.,* Standard 4.41 (indicating that disbarment is generally appropriate when "a lawyer abandons the practice and causes serious or potentially serious injury to a client" or "knowingly fails to perform services for a client and causes serious or potentially serious injury to a client" or "engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client").

The hearing panel found only one mitigating circumstance: no prior disciplinary record, SCR 102.5(2). We agree with the hearing panel that this single mitigating circumstance does not warrant discipline less than disbarment, particularly considering the numerous aggravating circumstances found by the panel (dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of conduct, vulnerability of victims, substantial experience in the law, indifference to making restitution, and illegal conduct, SCR 102.5(1)). Because the amount of misappropriated client funds is staggering and Graham exploited vulnerable people, disbarment is the only appropriate discipline.

Accordingly, we disbar attorney Robert C. Graham from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Graham shall pay restitution as set forth by the State Bar in the amount of $17,208,152.78. He shall also pay a fine of $1 million to the Nevada Client Security Fund. Further, Graham shall pay the costs of the disciplinary

proceedings, including $3,000 under SCR 120, within 30 days of the date of this order.  The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.



_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich


cc:   Chair, Southern Nevada Disciplinary Panel
      Robert C. Graham
      C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court